**FORM 104 (10/06)**

**FILED**
**JAMES J WALDRON, CLERK**
**MAY 11 2010**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) US BANKRUPTCY COURT NEWARK, NJ BY [signature] DEPUTY |
|---|---|

| **PLAINTIFFS** Susan C. Robichaud | **DEFENDANTS** Jason A. Sneider |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Se | **ATTORNEYS** (If Known) Dean Sutton, Esq. 18 Green Road, P.O. Box 187, Sparta, NJ 07871 |
| **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee — Listed as creditor | **PARTY** (Check One Box Only) ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Bankruptcy Fraud 11 U.S.C. §523(a)(2)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand [redacted] |
| Other Relief Sought | |

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jason A. Sneider | | BANKRUPTCY CASE NO.<br>10-13785-DHS |
| DISTRICT IN WHICH CASE IS PENDING<br>New Jersey | DIVISIONAL OFFICE | NAME OF JUDGE<br>D. H. Steckroth |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE<br>Ferguson |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Susan C. Robichaud, Plaintiff, Pro Se* | | |
| DATE<br>May 9, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Susan C. Robichaud | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | (Hon. Donald H. Steckroth) |
| JASON A. SNEIDER | Chapter 13 |
| Debtors. | Case No. 10-13785-DHS |
| | |
| SUSAN ROBICHAUD | |
| Plaintiff, | Adv. Pro. No. |
| v. | |
| SNEIDER & SONS EXCAVATING, LLC; WANTAGE BARN AND FENCE CO LLC; HARDSCAPE CONSTRUCTION & LANDSCAPEDESIGN, CO.; JASON SNEIDER, INDIVIDUALLY | |
| Defendants. | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)

Plaintiff, Susan Robichaud by way of Complaint against the defendant Jason A. Sneider states as follows:

#8266939 v5

## JURISDICTION

1. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

2. This Complaint is within the Bankruptcy Court's core jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A),(B), and (I).

3. Plaintiff is entitled to bring this action pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409 (a).

## PARTIES

5. Plaintiff, Susan Robichaud, is President of Robichaud Equestrian Retreats, LLC ("RER"), a limited liability company existing under the laws of the state of New Jersey, with a principal place of business at 12 Grafton Road, Stockton, New Jersey 08559.

6. Plaintiff resides at 12 Grafton Road, Stockton, New Jersey 08559.

7. Defendant, Jason A. Sneider, the Debtor herein, is an individual who represented to the Plaintiff to be an expert in pool installations and renovations, barn building, landscaping and hardscaping.

8. Defendant, Jason A. Sneider ("Sneider") is, on information and belief, president of Sneider & Sons Excavating, LLC; Wantage Barn & Fence Co., LLC; and Hardscape Construction & Landscape Design Co.

9. Defendant resides at 127 Sally Harden Road, Wantage, New Jersey 07461 with a mailing address of 127 Sally Harden Road, Sussex, New Jersey.

#8266939 v5

## NATURE OF THE ACTION

10. This is an Adversary Proceeding in which the Plaintiff seeks a determination that Debtor's/Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(2).

## FACTS

A. The Contract

11. On or about July 11, 2008, the Plaintiff, entered into a contract on behalf of RER with Defendant's business, Sneider & Sons, for the partial demolition and full renovation of an existing in-ground pool located at 12 Grafton Road, Stockton, New Jersey.

12. The contract was entered into at 12 Grafton Road, Stockton, New Jersey.

13. The agreed price for these services was $16,900.00. A true and accurate copy of the contract is attached hereto as Exhibit A.

B. Payment of the Deposit

14. Upon execution of the contract, Plaintiff paid $5,634.00 (five thousand six hundred thirty four dollars) to the Defendant as a deposit. A true and accurate copy of the check evidencing this payment is attached hereto as Exhibit B.

15. This check was deposited into Sneider & Sons bank account on July 14, 2008.

C. False Representations Regarding Start Dates

16. In the years 2008 and 2009 numerous start dates were set and work did not commence.

-3-

#8266939 v5

D. <u>Request for and Failure to Return Deposit</u>

17. Plaintiff made numerous requests for the return of the deposit in the years in 2008 and 2009, verbally, via regular and certified mail.

18. Despite these repeated attempts Defendant refused to return the deposit, and eventually ended all forms of communication.

E. <u>Consumer Fraud Judgement against Sneider & Sons in Superior Court of New Jersey</u>

19. On January 25, 2010 a Summons was mailed to Sneider & Sons for Case DC-000114-10 [Robichaud Equestrian Retreats, LLC v. Sneider & Sons, LLC].

20. On April 26, 2010 in the Superior Court of New Jersey Law Division – Special Civil Part, Judge Peter A. Buchsbaum, J.S.C. conducted a Proof Hearing and awarded RER treble damages capped at $15,000 based on testimony that Sneider & Sons, LLC violated the Consumer Fraud Act. Court costs and attorney's fees were also awarded.

F. <u>Bankruptcy for Defendant</u>

21. Defendant filed for personal Bankruptcy on August 5, 2009 and listed Plaintiff as a creditor in an attempt to expunge a legitimate $5,634 claim that Plaintiff's business, RER, had against Debtor's business, Sneider & Sons.

22. Upon information and belief, Defendant and/or his businesses have filed for Bankruptcy four times since 2003 to this current proceeding.

G. <u>Misleading and Inaccurate Representations in Bankruptcy Proceedings</u>

23. Defendant lists Plaintiff as creditor in his bankruptcy proceedings, which is improper, as Defendant and Plaintiff do not have any financial arrangements between themselves.

-4-

#8266939 v5

24. The only financial and contractual arrangements are between Defendant's business Sneider & Sons and Plaintiff's business RER.

25. Upon information and belief the Defendant is using personal Bankruptcy proceeding to discharge business debts.

H. <u>Commingling of Personal and Business finances reported in Bankruptcy suggesting Fraud (pleading in the alternative)</u>

26. Upon information and belief the Defendant has intermingled and intertwined his business affairs with his personal affairs in an attempt to defraud those with whom Defendant conducts business.

27. Defendant's other business obligations (see Ron Harris and Renee Harris v. Sneider & Sons Excavating, LLC; Wantage Barn & Fence Co., LLC; and Hardscape Construction & Landscape Design Co. Adversary Proceeding) have been listed in his personal affairs and personal bankruptcy.

28. The Chapter 13 Plan and Motions for the Defendant list heavy construction equipment and six vehicles (four pick-up trucks) more commonly associated with businesses such as Sneider & Sons Excavating, LLC; Wantage Barn & Fence Co., LLC; and Hardscape Construction & Landscape Design Co.

29. Upon information and belief, the John Deere Credit and Western Finance & Lease equipment listed in Defendant's Bankruptcy are more commonly associated with business operations.

30. Upon information and belief, the Defendant and Wantage Barn & Fence Co., LLC are listed together on a loan agreement with John Deere Credit.

## COUNT ONE

31. Plaintiff repeats each and every preceding allegation as if fully set forth herein.

32. Defendant's obligations to the Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) as the Defendant did not enter into a contract with Plaintiff; therefore there was no contractual relationship between Debtor and Creditor.

33. The debt of $5,634.00 was owed by Defendant's business, Sneider & Sons, to Plaintiff's business RER.

## COUNT TWO

34. Plaintiff repeats each and every preceding allegation as if fully set forth herein.

35. In the alternative, Defendant's obligations to the Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) as the Defendant has commingled his personal and business activities and blurred the distinction between the two.

## COUNT THREE

36. Plaintiff repeats each and every preceding allegation as if fully set forth herein.

37. Defendant's obligations to the Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) as the Defendant and his various business took money from the Plaintiff's business based on false pretenses, false representations and actual fraud.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the following:

#8266939 v5

-7-

a. Determining all obligations owed by the Defendant to the Plaintiff herein are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2);

b. determining that the Defendant's Bankruptcy petition should not be considered in isolation from the sum of Defendant's various business operations; and

c. such other relief the Court deems equitable and fair.

By: *Susan C. Robichaud*
Susan C. Robichaud, *pro se*

#8266939 v5

A

# SNEIDER & SONS

**HARDSCAPE CONSTRUCTION & LANDSCAPE DESIGN CO.**
Est. 1989
www.wantagebarnandfence.com

SNEIDER & SONS EXCAVATING LLC
WANTAGE BARN & FENCE Co.

LGS# ___ 973-702-0276

**Estimate & Contract**

| DATE | |
|---|---|
| 6/25/08 | 62508EST |

**ESTIMATE SUBMITTED TO:**
| | |
|---|---|
| NAME: | Sue Robichaud |
| STREET: | 12 Grafton Rd. |
| CITY/STATE: | ~~Sergeantsville, NJ~~ Stockton |
| PHONE: | |
| EMAIL: | horseholiday@comcast.net |

WANTAGE BARN & FENCE CO. INC.
WANTAGE, NJ 07461
Phone (973)-702-0276
Fax (973)-702-0876
JASON A. SNEIDER

**WORK TO BE PERFORMED AT:**
Robichaud Residence

| Item | Description | Price |
|---|---|---|
| 1 | Remove sidewalk around pool, 145Lft.X3ft. | |
| 2 | Remove diving board and concrete pad, 5ft.X8ft. | $ 2,500.00 |
| 3 | Remove old coping, 145ft. | |
| * | Note: Bury on site within 40ft. of site | |
| | → Code not clear on it either we need given on equip | |
| 4 | Field stone around pool in line of old coping, 1ft.X125ft. | $ 5,800.00 |
| 5 | Remove and replace 6" water tile border, owner will supply, +/- 145Lft. | $ 1,500.00 |
| 6 | Beige or gray paint, depending on condition | TBD |
| 7 | Cleanup existing condition of pool with a pressure washer | $ 1,500.00 |
| * | Note: SNEIDER & SONS is not responsible for existing paint flaking off | |
| 8 | Remove and replace filter system/haywood system | $ 4,500.00 |
| 9 | Add salter to system to eliminate chlorine | $ 1,100.00 |
| * | Sneider & Sons LLC. warranties all material and construction in this proposal will be free from defects for a period of five years from the date of final payment, provided the product was used as intended as per design and specified use. | |
| * | General notes: A) Sneider & Sons LLC. is not responsible for any sprinkler, irrigation, electric, gas lines, or underground utilities on the property. B) Both parties, homeowner and Sneider & Sons LLC., are responsible to call 1-800-272-1000, known as Before You Dig. C) Prices good for only 30 days, price subject to change due to fuel and/or material increases. | |
| | | $16,900.00 |

X (next to item 7)
X (next to item 9)

**With Payments as Follows:**

| | | |
|---|---|---|
| UPON SIGNING | 1ST INSTALLMENT | $ 5,634.00 |
| UPON START OF JOB | 2nd INSTALLMENT | $ 5,634.00 |
| UPON COMPLETION | 3rd INSTALLMENT | $ 5,632.00 |

Ck#11192 RER

## Acceptance Of Proposal

Signature: SCRobichaud          Date: 7/11/08

Needs to document model of filter, pump, motor size
cost of plastering   also electric needs
                     for filter & pump

PNC Bank
Image Print
Page 1 of 1

B

## PNC

**ROBICHAUD EQUESTRIAN RETREATS LLC**
12 GRAFTON RD.   609-397-2113
STOCKTON, NJ 08559

PNC Bank, N.A.   063
New Jersey

1192
55-760/0312
601

PAY TO THE ORDER OF  Sneider & Sons

Date 7/11/08

$ 5634.00

Five thousand six hundred thirty four and 00/100 DOLLARS

YEAR-ROUND, WEEKEND AND HOLIDAY RENTALS

Memo #62508 EST

SCRobichaud

⑆031207607⑆ 8029164728⑈ 1192

---

07/14/2008  LAKELAND BANK  :021205376: 0654010020

PAY TO THE ORDER OF
LAKELAND BANK
#021205376
FOR DEPOSIT ONLY
SNEIDER & SONS LLC
634403273

(handwritten notes on back of check, including:)
973-534-4192
65 Madison Ave.
Morristown NJ
07960
Diana —
202 South
RL CO 287
866-7324-
1379

(right margin handwritten:)
65 Park Ave
Flemington
35 miles → 65 Madison Ave
→ Morristown, NJ

G→R→R
Central